UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

DOUGLAS HEARD,

  Petitioner,

  v.

WARDEN OF FCI-SCHUYLKILL,

  Respondent.

CIVIL ACTION NO. 3:25-cv-01593

(SAPORITO, J.)

## ORDER

Douglas Heard, a prisoner incarcerated at the Schuylkill Federal Camp, proceeds on a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. (Doc. 1). Heard alleges that the Bureau of Prisons ("BOP") has improperly found him to be ineligible to earn time credits under the First Step Act ("FSA"). For the reasons set forth below, the petition will be denied.

### I. BACKGROUND

In January 2024, Heard pled guilty to one count of possession of methamphetamine with intent to distribute and one count of possession of fentanyl with intent to distribute. *See United States v. Heard*, No. 22-CR-20433 (Doc. 41) (E.D. Mich., Jan. 10, 2024); 21 U.S.C. § 841(a)(1). In his plea agreement, he stipulated that "307 . . . pills containing fentanyl"

and "1168 . . . pills containing methamphetamine" were seized from his house, that he intended to distribute those pills to other people, and that the pills contained more than 40 grams of fentanyl and 500 grams of methamphetamine. *See* (Doc. 6-6 at 5-6). He received an aggregate sentence of 120 months' imprisonment, and his projected release date is December 11, 2032. *See* (Doc. 6-2).

The BOP "reviewed [Heard's] charges" and deemed him ineligible for FSA time credits, finding that his convictions disqualified him under 18 U.S.C. § 3632(d)(4)(D)(lxvi) because they involved the intended distribution of more than 40 grams of fentanyl. *See* (Doc. 2 at 7) (citing 21 U.S.C. § 841(b)(1)(B)(vi)). In this petition, Heard argues that the BOP improperly considered documents outside of the judgment and commitment in determining his eligibility for FSA time credits. Because the judgment itself indicates convictions under 21 U.S.C. § 841(a)(1), and does not specify the amount of drugs involved, Heard contends that his convictions do not "fall within the statutory list of disqualifying offenses," and therefore he is eligible for FSA credits. He asks that the BOP be ordered to update his time credit status to "eligible" and calculate his credits accordingly.

## II.    DISCUSSION

Although the parties dispute whether Heard has exhausted administrative remedies, we resolve the petition on the merits because the record demonstrates that he is not entitled to habeas relief. *See Cerverizzo v. Yost*, 380 F. App'x 115, 116 (3d Cir. 2010) (exhaustion may be excused "if an attempt to obtain relief would be futile or where the purposes of exhaustion would not be served").

The FSA permits eligible inmates who successfully complete evidence-based recidivism reduction programs or productive activities to receive credits toward time in pre-release custody or supervised release. *See* 18 U.S.C. § 3632(d)(4). The statute lists a series of convictions that make a prisoner ineligible for time credits. As relevant here, that list includes convictions under "Subparagraph (A)(vi) or (B)(vi) of section 401(b)(1) of the Controlled Substances Act (21 U.S.C. § 841(b)(1)) . . . relating to manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, or any analogue thereof." 18 U.S.C. § 3632(d)(4)(D)(lxvi). "The compound of N-phenyl-N-[1-(2-phenylethyl)-4-

piperidinyl] propanamide is commonly known as Fentanyl." *Saldana v. Warden*, No. 3:25-CV-02472, 2026 WL 196512, at *2 (M.D. Pa. Jan. 26, 2026) (citation omitted). In determining whether a conviction falls under this restriction, the BOP is not limited to reviewing only the judgment itself, but can consider the underlying documents in the case, including the charges, presentence investigation report, and any plea agreement.[1]

Contrary to Heard's argument, the BOP has not "expand[ed] FSA ineligibility beyond" Section 841(b)(1)(B)(vi) by including certain convictions under Section 841(a). Section 841(b)(1)(B), and its various subparagraphs, simply describe the penalties for a conviction under Section 841(a); anyone convicted under Section 841(b)(1)(B)(vi) was necessarily convicted under Section 841(a). *See* 21 U.S.C. § 841(b)(1)(B).

---

[1] *See, e.g., Regalado v. Greene*, No. 1:25-CV-00054, 2025 WL 411672, at *2 (M.D. Pa. Jan. 21, 2025) (plea agreement); *Martinez-Torres v. Underwood*, No. 3:25-CV-136-KAP, 2025 WL 3469851, at *2 (W.D. Pa. Dec. 3, 2025) ("Not every piece of paper in a case must contain all the statutory citations applicable to the case. Examination of the J&C makes it clear that Martinez-Torres pleaded guilty to the offense described in Count II, which all by itself specifies a quantity disqualifying him from application of ETCs under Subsection 3632(d)(4)(D)(lxvi)."); *see also Maitland v. Warden, FCI Berlin*, No. 23-CV-074, 2024 WL 3541213, at *2-3 (D.N.H. Jan. 31, 2024) ("[T]here is no talismanic significance in the lack of an explicit reference to subsection (vi) in [the] judgment.") (listing cases).

- 5 -

Ultimately, the record of Heard's criminal case shows that he was convicted of possession with intent to distribute more than 40 grams of fentanyl, so he is ineligible for FSA time credits.

## III.  CONCLUSION

Accordingly, it is hereby **ORDERED** that Heard's petition (Doc. 1) and motion for related relief (Doc. 8) are **DENIED**. The Clerk is **DIRECTED** to close this case.


Dated: April 14, 2026                    *s/Joseph F. Saporito, Jr.*
                                         JOSEPH F. SAPORITO, JR.
                                         United States District Judge